

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-85,060-01 & WR-85,060-02

### EX PARTE ROGER DALE CARTER, Applicant

### ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS CAUSE NOS. 09-03-02825-CR & 09-03-02827-CR IN THE 359TH DISTRICT COURT FROM MONTGOMERY COUNTY

*Per curiam*. ALCALA, J., filed a concurring opinion in which JOHNSON and RICHARDSON, JJ., joined. YEARY, J., filed a concurring opinion in which KEASLER and HERVEY, JJ., joined.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of burglary of a habitation and two counts of credit card abuse. He was sentenced to imprisonment for fifty and five years, respectively. His sentences for credit card abuse were ordered to run consecutively with his sentence for burglary of a habitation. The Ninth Court of Appeals affirmed his convictions. *Carter v. State*, Nos. 09-09-00358-CR & 09-09-00372-CR (Tex. App.—Beaumont Oct. 20, 2010) (not designated for publication).

Applicant contends, among other things, that his sentences were improperly ordered to run consecutively.

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make further findings of fact and conclusions of law as to whether Applicant's sentences were properly ordered to run consecutively. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: June 29, 2016
Do not publish